
FILED
JUN 28 1991
U. S. DISTRICT COURT
E. DISTRICT OF MO.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ERNEST WILLIAMS,

        Petitioner,

v.

PAUL DELO,

        Respondent.

No. 90-239 C (2)

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This action is before the Court on the petition of Missouri state prisoner Ernest Williams for a writ of habeas corpus under 28 U.S.C. §2254. This matter was referred to the undersigned United States Magistrate Judge for review and a recommended disposition. 28 U.S.C. §636(b).

On February 16, 1982, petitioner Williams was convicted of capital murder by a jury in the Circuit Court of St. Louis County. He was sentenced to a term of life imprisonment without eligibility for probation or parole for 50 years. Petitioner is currently incarcerated at the Potosi Correctional Center, located in Mineral Point, Missouri.

Petitioner's conviction and sentence were affirmed on direct appeal. State of Missouri v. Williams, 659 S.W.2d 309 (Mo. App. 1983). He sought collateral post-conviction relief under Missouri Supreme Court Rule 27.26. (Resp. Exh. G.) The hearing court's denial of relief was upheld on appeal. Williams v. State of Missouri, 744 S.W.2d 814 (Mo. App. 1987). Petitioner then filed

a pro se motion to recall the mandate with the Missouri Court of Appeals, which motion was summarily denied. (Resp. Exhs. K, L.)

On February 9, 1990, petitioner filed the instant petition for a writ of habeas corpus. He alleges 19 grounds for relief: (1) that the state statute upon which the indictment and conviction are based was unconstitutional; (2) that the trial court abused its discretion in allowing the state to use improper aggravating circumstances; (3) that petitioner received the ineffective assistance of trial and appellate counsel; (4) that evidence of other crimes (the purchase of a stolen firearm with a defaced serial number) was improperly admitted into petitioner's trial; (5) that the prosecuting attorney improperly argued issues not in evidence during his closing argument; (6) that insufficient evidence exists upon which to base petitioner's conviction; (7) that perjured testimony was used by state's witnesses; (8) that the trial court denied petitioner's motion to dismiss which was premised upon a failure of the state to provide court-ordered advance expense money for an expert witness; (9) that the state withheld exculpatory evidence from defense counsel; (10) that petitioner's federal due process rights to a speedy trial (because more than the 180 days prescribed by state law passed from arraignment to trial) were violated; (11) that petitioner's venire panel did not represent a fair cross section of the community because the panel excluded individuals between the ages of 18 and 21; (12) that the prosecuting attorney was bribed; (13) that petitioner was denied a fair trial because of the replaying of an

audiotape that was introduced into evidence; (14) that the trial court improperly delegated an indigency finding to the public defender's office; (15) that petitioner was denied a fair trial and due process of law because of the introduction of certain state's exhibits which were not connected to the charge for which petitioner was on trial; (16) that the jury which convicted petitioner was unconstitutionally impaneled in that some jurors gave equivocal answers as to their position with respect to the death penalty and its imposition; (17) that a photograph of petitioner was improperly admitted into evidence; (18) that petitioner was denied his right to confront and cross-examine witnesses; and (19) that petitioner was denied effective assistance of appellate counsel because counsel conceded issues at the oral argument of petitioner's direct appeal causing the court to misapply a Missouri Supreme Court case.

In response to this Court's Order, dated December 20, 1990, respondent filed his Third Supplemental Response addressing the merits of petitioner's 19 allegations for relief. Respondent continues to assert, however, that petitioner's claims are subject to an adequate and independent procedural bar precluding review absent a showing of both cause and actual prejudice.

In light of the Supreme Court's recent ruling in Coleman v. Thompson, No. 89-7662, 1991 Westlaw 107399 (S.Ct. June 24, 1991), the undersigned reconsiders his previous determination that this Court should review the merits of petitioner's federal habeas grounds for relief. Petitioner's state court proceedings must be

re-examined in order to evaluate whether petitioner fairly presented the substance of his habeas grounds to the Missouri appellate courts so as to avoid a procedural bar of their review in this Court. The Eighth Circuit capsulized the exhaustion doctrine thus:

> Federal courts must conduct a four-step analysis to determine whether a petition may be considered when its claims have not been presented to a state court. . . . First, the court must determine if the petitioner fairly presented "the federal constitutional dimensions of his federal habeas corpus claim to the state courts." . . . If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no "currently available, non-futile state remedies", through which the petitioner can present his claim. . . . If a state remedy does not exist, the court next determines whether the petitioner has demonstrated "adequate cause to excuse his failure to raise the claims in state court properly." . . . If the petitioner can show sufficient cause, the final step is to determine whether he has shown "actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." . . . The petition must be dismissed unless the petitioner succeeds at each stage of the analysis.

Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988) (citations omitted.)

To have properly exhausted his state court remedies, petitioner must have fairly presented his cognizable federal habeas grounds to the state trial and appellate courts. See, Anderson v. Harless, 459 U.S. 4, 6 (1982). The failure to appeal from the denial of a post-conviction motion in Missouri state court

constitutes procedural default. Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988).

Petitioner raised five points of trial court error in the direct appeal of his conviction. He alleged that the trial court erred by (1) overruling his objection to testimony by Officer Hunt concerning the altered serial number on the .45 caliber gun because the testimony was irrelevant and constituted evidence of a separate crime (only state law invoked); (2) overruling his objection and denying his request for a mistrial when the prosecutor stated during closing argument that petitioner could not be forced to testify by the state; (3) failing to correctly instruct the jury as to second degree murder because the court should have given the jury an instruction based on MAI-CR2d 15.16; (4) overruling his motion to dismiss pursuant to §545.780 R.S.Mo because more than 180 days had elapsed between the date of trial and the date of arraignment (only state law invoked); and (5) overruling his objection and allowing Mr. Briner to testify regarding the firing of weapons or as to the presence of any gun shot residue on the hands of either Darnell Williams or Ernest Williams.

In his Rule 27.26 motion, petitioner raised the following 18[1] grounds (numbered 8(a) - 8(r)): (1) that the statute on which

---

[1] Although in his Motion to Recall the Mandate petitioner refers the Missouri Court of Appeals to his Rule 27.26 ground 8(s), the record of those proceedings (see, Resp. Exh. G) shows only grounds 8(a) through 8(r). It does appear that petitioner requested that his motion counsel amend his Rule 27.26 motion to include ground 8(s) -- that the trial court erred by allowing the introduction into evidence of state exhibits 16, 19, 35 and 42. (See, Resp. Exhs. H-1, Appellant's Exh. C.) However, review of the Rule 27.26 Legal File indicates that this ground was never included

-5-

the indictment and conviction were based unconstitutionally shifts the burden of proof to petitioner; (2) that the state improperly used the notice of evidence in aggravation because there were no aggravating circumstances in petitioner's case; (3) that petitioner was denied effective assistance of counsel; (4) that petitioner was denied a fair trial because evidence of crimes not charged was introduced and argued by the state; (5) that the trial court erred by delegating its duty to ascertain petitioner's indigency to the public defender's office; (6) that the trial court erred by overruling petitioner's objection to the state's closing argument that petitioner thought Kirk Mischeaux was dead; (7) that petitioner was denied his rights to an impartial jury because the jurors were asked whether they were opposed to capital punishment; (8) that petitioner was deprived of a representative jury in that young adults were intentionally and discriminatorily excluded from the petit jury; (9) that the trial court erred by overruling petitioner's objections to the dismissal of certain prospective jurors because such was a violation of the Witherspoon Rule; (10) that the trial court erred by overruling petitioner's objection to the replaying of the tape recording during the state's closing argument; (11) that petitioner was prejudiced by the introduction into evidence of State's Exhibit 76, a picture of petitioner, because the exhibit was not disclosed to petitioner prior to trial and was used to impeach petitioner; (12) that the trial court erred

---

in petitioner's motion for presentment to the Rule 27.26 hearing court.

by allowing Officer Fitzpatrick and Eileen Krueger to testify at trial because they were not endorsed as witnesses by the state and made known to petitioner prior to trial; (13) that the trial court erred by denying petitioner's motion for judgment of acquittal; (14) that the state violated the Napue Rule in that it knowingly used false testimony to procure a conviction; (15) that petitioner was denied a fair trial in that the assistant prosecuting attorney accepted money from the victim's family for the purpose of influencing his action in the prosecution of petitioner; (16) that the trial court erred by overruling petitioner's motion to dismiss for failure to advance court ordered trial expense money for the defense within 180 days because such prejudiced petitioner's defense; (17) that petitioner's due process rights were violated because the state suppressed material evidence favorable to petitioner; and (18) that petitioner was denied his rights to a speedy trial because more than 180 days passed between the date of trial and the date of arraignment. (See, Resp. Exh. G, at pp. 20-36.)

In his appeal of the Rule 27.26 motion court's denial of relief, petitioner made two claims of error: (1) that the Rule 27.26 trial court erred by denying petitioner's motion because the record does not show the active participation of counsel as required by Rule 27.26(h) in that no amended motion was filed and the record does not show that petitioner chose to stand on his pro se motion or that counsel ascertained whether all grounds known to petitioner were included; and (2) that the Rule 27.26 trial court

erred because it did not make findings of fact and conclusions of law on all issues presented as required by Rule 27.26(i) or, in the alternative, by proceeding to an evidentiary hearing without ordering counsel to amend the pro se motion. (See, Resp. Exh. H, at pp. 6-7.)

Finally, in his "Motion to Stay Mandate and Motion to Recall Mandate," petitioner generally refers the Missouri Court of Appeals to the mandate in his direct appeal and specifically refers the court to his Rule "27.26 Motion - Grounds for Relief - Points 8(a) [thru] 8(s) except for grounds 8(c)." (Resp. Exh. K, at p. 2.)

Upon review of the record, the undersigned concludes that the state courts were denied the opportunity to consider petitioner's federal habeas grounds for relief. Although petitioner's first point in his direct appeal did raise the same issue as his habeas ground 4, the Missouri Court of Appeals relied upon an adequate and independent procedural bar in reaching its determination by unambiguously stating that petitioner did not properly preserve that point for appeal. State of Missouri v. Williams, supra, 659 S.W.2d at 312. Therefore, the appellate court's subsequent discussion of that point as an alternative holding did not trigger the presumption of federal jurisdiction so as to lift the procedural bar. Coleman, supra, 1991 WL at 7-8. Petitioner's fourth point in his direct appeal, which is his tenth habeas ground, was noted by the Court of Appeals to have been conceded at oral argument. The Court explained that "the record

-8-

clearly show[ed] that the state did not occasion excessive pretrial delays calling for dismissal." State of Missouri v. Williams, supra, 659 S.W.2d at 313.

In his Rule 27.26 motion, petitioner did raise most of the issues presented in habeas grounds 1-18. However, petitioner did not present his allegations on appeal from the denial of post-conviction relief. By failing to present his points on appeal, although they were raised in his Rule 27.26 motion, petitioner waived the issues. See, Gilmore v. Armontrout, supra, 861 F.2d at 1065.

Lastly, the undersigned revisits the Missouri Court of Appeals' summary denial of petitioner's motion to recall the mandate. Petitioner did raise, with the exception of habeas ground 3 which he did not include in his motion to recall the mandate, the same issues in that motion as those raised in the instant habeas petition. As noted by the Supreme Court in Coleman:

> In habeas, if the decision of the last state court to which the petitioner presented his federal claims appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition.
>
> * * *
>
> . . . A predicate to the application of the Harris [v. Reed, 489 U.S. 255 (1989)] presumption is that the decision of the last state court to which the petitioner presented his federal claims must fairly appear to rest primarily on federal law or to be interwoven with federal law.
>
> * * *

> . . . [F]ederal habeas courts must ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds.
>
> * * *
>
> . . . In those cases in which it does not fairly appear that the state court rested its decision primarily on federal grounds, it is simply not true that the "most reasonable explanation" is that the state judgment rested on federal grounds. Cf. Long, supra, at 1041. [Michigan v. Long, 463 U.S. 1032, 1040 (1983)] . . . Any efficiency gained by applying a conclusive presumption, and thereby avoiding inquiry into state law, is simply not worth the cost in the loss of respect for the State that such a rule would entail.
>
> * * *
>
> . . . It is not necessarily the case that state courts will take pains to provide a clear and express statement of procedural default in all cases, even after announcement of the rule.
>
> * * *
>
> . . . It remains the duty of the federal courts, whether this Court on direct review, or lower federal courts in habeas, to determine the scope of the relevant state court judgment. We can establish a per se rule that eases the burden of inquiry on the federal courts in those cases where there are few costs to doing so, but we have no power to tell state courts how they must write their opinions. . . . [W]e will not impose on state courts the responsibility for using particular language in every case in which a state prisoner presents a federal claim.

Coleman, supra, 1991 WL at 9-11.

Based on the directives set forth by the Supreme Court, the undersigned concludes that the Harris presumption does not apply to the instant case. Under Missouri law, a motion to recall

the mandate is not an appropriate remedy to present claims of alleged trial court error or error concerning representation by trial counsel. See, State of Missouri v. Teter, 747 S.W.2d 307, 308 (Mo. App. 1988); Williams v. Wyrick, 763 F.2d 363, 365 (8th Cir. 1985). The remedy of a motion to recall the mandate provides relief in the very limited situations when "the lawyer acting for the accused on appeal has been ineffective by constitutional standards . . . [or] when it is contended that the decision directly conflicts with a decision of the United States Supreme Court relative to the rights of a criminal defendant." State of Missouri v. Teter, supra, 747 S.W.2d at 308. As noted by the United States Court of Appeals for the Eighth Circuit, "[t]he established Missouri procedure for obtaining post-conviction relief is to file a motion pursuant to [the appropriate post-conviction rule]. Williams v. Wyrick, supra, 763 F.2d at 365. As the majority of petitioner's claims were never presented in his appellate proceedings, a motion to recall the mandate was not an appropriate remedy within which to litigate the claims at the appellate level for the first time. State of Missouri v. Teter, supra; Williams v. Wyrick, supra. Since the remedy was not an appropriate or adequate remedy within which to litigate petitioner's claims, the appellate court's failure to issue a plain statement of procedural default has not lifted petitioner's procedural bar. The scope of the remedy is a matter of state law, and accordingly, "[t]here is no need for a plain statement indicating the independence of the state grounds since there was no

federal law interwoven with this determination." Harris v. Reed, supra. The state court's summary denial of petitioner's motion to recall the mandate was a judgment resting on petitioner's procedural default and was not a judgment on the merits of his claims. Coleman, supra.

Petitioner cannot now raise his federal habeas grounds in the state courts by way of a post-conviction motion, and there is no other state remedy available to him for these grounds. As a result, the Court must determine whether petitioner can demonstrate (1) "adequate cause to excuse his failure to raise the claim[s] in State court properly;" and if he can show such cause, then he must also show (2) "actual prejudice to his defense resulting from the state court's failure to address the merits of the claim[s]." Smittie, supra, 843 F.2d at 296. If he does not show such cause and prejudice, he is barred from raising his claims in a federal habeas corpus action. Teague v. Lane, 489 U.S. 288 (1989).

In his "Supplemental Reply to Respondent's First and Second Supplemental Responses," filed September 13, 1990, petitioner asserts ineffective assistance of appellate counsel for failing to raise issues on appeal as "cause" for his procedural default. The United States Supreme Court, in Murray v. Carrier, 477 U.S. 478, 489-90 (1986), stated that constitutionally ineffective assistance of counsel can constitute cause for a procedural default. However, "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v.

-12-

Washington, [466 U.S. 668 (1984)], . . . [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." Id., at 488. The undersigned notes that to any extent petitioner may be alleging ineffective assistance of Rule 27.26 counsel as cause, "[t]here is no constitutional right to an attorney in state post-conviction proceedings [and] . . . [c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Coleman, supra 1991 WL at 18.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court defined ineffective assistance of counsel. The Strickland test requires federal habeas relief, if it is shown that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, at 686. A habeas petitioner must first demonstrate that counsel's performance fell below an objective standard of reasonableness. Id., at 687-88. In this regard, petitioner must overcome a strong presumption that counsel has rendered effective assistance. Id., at 690; Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). Counsel's strategic choices made after thorough investigation are virtually unchallengeable, and decisions following less thorough, but nevertheless reasonable, investigation are to be upheld to the extent that they are supported by reasonable judgment. Strickland, supra, 466 U.S. at 690-91.

In order to prevail on an ineffectiveness of counsel claim, the second prong of the <u>Strickland</u> test requires a habeas petitioner to demonstrate prejudice resulting from counsel's dereliction of duty. <u>Id.</u>, <u>at</u> 687. The prejudice prong of the test requires a showing that, but for counsel's deficient performance, there exists a reasonable probability that the outcome of the case would have been different. <u>Strickland</u>, <u>at</u> 694. In addition, the prejudice must not be simply a possibility but an "<u>actual</u> and substantial disadvantage, infecting [petitioner's] entire trial with error of constitutional dimensions" (emphasis in the original). <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).

Petitioner has failed to demonstrate either deficient performance or <u>Strickland</u> prejudice with respect to his claim of ineffective assistance of direct-appeal counsel. The decision as to which issues will be presented on appeal is a matter of strategy. In fact, counsel has an obligation and duty to review the allegations, in light of the facts and evidence presented during trial, and "winnow out" claims that are without merit or that have the potential to pull the appellate court's attention from the most important issues. <u>Smith v. Murray</u>, 477 U.S. 527, 536 (1986); <u>Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983). In this case, petitioner's counsel presented five allegations of error on direct appeal. (Resp. Exh. C.) Counsel testified during petitioner's evidentiary hearing that he did discuss the appeal with petitioner. (Resp. Exh. F, <u>at</u> p. 31.) Counsel stated that if petitioner had wanted an issue raised that was not raised, it was

-14-

not raised because counsel "felt they were frivolous and would be unsuccessful and detracted from the appeal . . . ." (Resp. Exh. F, at p. 31.) Petitioner has failed to demonstrate adequate cause to excuse his failure to raise his federal habeas grounds in the state court properly. Therefore, these grounds are barred from review on the merits by this Court. Smittie, supra, 843 F.2d at 296.

### RECOMMENDATION

For the reasons set forth above, it is the recommendation of the undersigned United States Magistrate Judge that the petition of Ernest Williams for a writ of habeas corpus be denied without further proceedings. It is further recommended that petitioner's motions for discovery, for an evidentiary hearing, for appointment of counsel, and for appointment of an expert be denied as moot. The parties are advised that they have eleven (11) days to file written objections to this Report and Recommendation.

David D. Noce
UNITED STATES MAGISTRATE JUDGE

Signed this 28th day of June, 1991.

United States District Court
Eastern District of Missouri
1114 Market Street
St. Louis, Missouri 63101

Robert St. Vrain
Clerk of Court

June 28, 1991

Phone: 314-539-2315
FTS: 262-2315

Ernest Cornelious Williams
REgister No. 43551
Potosi Correctional Center
Route 2, Box 2222
Mineral Point MO 63660

Ronald L. Jurgeson
Asst. Attorney General
P.O. Box 899
Jefferson City MO 65102

RE: ERNEST CORNELIOUS WILLIAMS vs. PAUL K. DELO
90-239C(2)

__XX__ Enclosed is a copy of the REPORT and RECOMMENDATION entered in the above-styled cause this day by the United States Magistrate DAVID D. NOCE.

_____ Enclosed is a copy of the REVIEW and RECOMMENDATION entered in the above-styled cause this day by the United States Magistrate _____.

_____ Enclosed is a copy of the ORDER entered in the above-styled cause this day by the United States Magistrate _____.

_____ Enclosed is a copy of the ORDER and RECOMMENDATION with MEMORANDUM entered in the above-styled cause this day by the United States Magistrate _____.

_____ Enclosed is a copy of the MEMORANDUM and ORDER entered in the above-styled cause this day by the United States Magistrate _____.

_____ Enclosed is a copy of the _____ entered in the above-styled cause on this day by the United States Magistrate _____.

Very Truly Yours;
Robert St. Vrain, Clerk

BY: _R. Moore_
Deputy Clerk