FILED

MAR 16 1992

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

U. S. DISTRICT COURT
E. DISTRICT OF MO.

ERNEST CORNELIUS WILLIAMS, )
)
          Petitioner, )
)
v. ) No. 90-239 C (2)
)
PAUL DELO, )
)
          Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Missouri state prisoner Ernest Williams for a writ of habeas corpus under 28 U.S.C. § 2254 and on petitioner's motions for production of documents; for an evidentiary hearing; for appointment of counsel; and for appointment of an expert. Petitioner's motions were stayed by this Court on July 9, 1990.

Following his conviction and sentence for capital murder, petitioner unsuccessfully pursued a direct appeal, **State v. Williams**, 659 S.W. 2d 309 (Mo. Ct. App. 1983), and post-conviction relief, **Williams v. State**, 744 S.W. 2d 814 (Mo. Ct. App. 1988) in the Missouri state courts. Williams then filed this federal habeas action raising a number of claims. This matter was referred to United States Magistrate Judge David D. Noce who filed a report and recommendation on June 11, 1990. The Magistrate Judge found that petitioner had presented to the state court the grounds he now raises in his federal habeas action and recommended that respondent be ordered to address the merits of

petitioner's federal habeas claims.  This Court sustained and adopted the Magistrate Judge's report and recommendation.

Respondent then filed a Supplemental Response and a Second Supplemental Response, setting forth respondent's arguments that petitioner's federal habeas claims are subject to procedural default in the state court and therefore barred from review by this Court absent a showing of cause and prejudice under **Wainwright v. Sykes**, 433 U.S. 81 (1977).  This action was then resubmitted to Magistrate Judge Noce who ordered respondent to file a response addressing the merits of petitioner's federal habeas claims.  Respondent then filed a Third Supplemental Response wherein respondent continues to assert that petitioner's claims are not subject to review by this Court, but also addressing the merits of petitioner's claims.

Magistrate Judge Noce has now filed his report and recommendation, finding that petitioner's claims are barred from review by this Court and recommending that petitioner's federal habeas petition be dismissed.  Petitioner has filed objections thereto and has also filed a request to supplement the objections.  This Court now grants petitioner leave to file the supplement.

Petitioner objects to the determination by the Magistrate Judge that petitioner's claims are procedurally barred from review.  The Court has carefully reviewed the petition for habeas corpus, the record before the Court, and the applicable law and agrees with the Magistrate Judge's determination that this

petition for a writ of habeas corpus be denied. In light of petitioner's objections, the Court finds it appropriate to more fully set out the reasons for this finding.

Federal courts are barred from review of state prisoner's claims in a federal habeas action unless the "applicant has exhausted the remedies available in the courts of the State ...." 28 U.S.C. § 2254(b). Where the state court denies relief to a petitioner on grounds which are adequate and independent of any federal claim, the federal courts are barred from reviewing the claim. **Sykes**, 433 U.S. at 81. If a state court refuses to determine the merits of a petitioner's claims because the petitioner has not complied with the state procedural rules to bring the claim, then the claim is barred from review due to the procedural default, unless the petitioner can show cause for the failure to properly bring the claim in the state court and actual prejudice to the petitioner resulting from the default. **Id.** at 86-87.

As fully set out by the Magistrate Judge, most of the claims made by petitioner in this federal habeas action were also raised in the state courts by petitioner either on direct review or in his Rule 27.26 motion. See Report and Recommendation, filed June 28, 1991, at 2, 5-7. Petitioner was denied relief on direct appeal, **State v. Williams**, 659 S.W. 2d 309 (Mo. Ct. App. 1983) and subsequently filed for relief under Missouri Rule of

Criminal Procedure 27.26.[1]  The motion court denied petitioner relief and was affirmed by the appellate court.  **Williams v. State**, 744 S.W. 2d 814 (Mo. Ct. App. 1988).  However, the motion court made specific findings as to only four of the claims raised by petitioner.

The first two grounds raised by petitioner in his state Rule 27.26 motion were the same as the first two grounds raised in petitioner's federal habeas action:  1) the statute on which the indictment and conviction were based is unconstitutional under the due process clause of the fourteenth amendment, (point 8(a) in the Rule 27.26 motion), 2) the state trial court abused its discretion in allowing the prosecution to use the Notice of Evidence in Aggravation, (point 8(b) in the Rule 27.26 motion). The Missouri Court of Appeals found that "[t]he parties agreed that movant's points 8(a) and (b) could not properly be considered in a Rule 27.26 motion." **Williams**, 744 S.W. 2d at 815. Additionally, the motion court found that point 8(p) of the Rule 27.26 motion was not properly brought.  Point 8(p) is the same as petitioner's eighth federal habeas claim:  the trial court erred in denying petitioner advance expense money for an expert for petitioner's defense.  The state appellate court affirmed the motion court's findings.

When the only grounds for the state court refusing to consider the merits of a claim are that the claim was not prop-

---

[1] Missouri Rule 27.26 was repealed on Feb. 11, 1987, effective January 1, 1988, but was the appropriate means of seeking relief at the time petitioner filed his motion.

- 4 -

erly brought before the court and the appellate court affirms the state court decision, "then it is logical for us to conclude that when the Appellate Division affirmed the judgment of [the motion court], it did so on procedural grounds. Under **Sykes**, this adequate and independent state ground ordinarily precludes our review of the federal claim ...." **Martinez v. Harris**, 675 F.2d 51 (2d Cir.), cert. denied, 459 U.S. 849 (1982). Therefore, petitioner's federal habeas claims one, two, and eight are barred from federal court review unless the petitioner can show cause and prejudice for the procedural default in state court. **Sykes**, 433 U.S. at 87.

Petitioner's fifteenth claim in his federal habeas action was raised by petitioner as his second ground on direct appeal: that the trial court erred in refusing to exclude certain testimony and exhibits on the grounds that they were evidence of a separate crime. Petitioner sought review of this claim in the state courts under the "plain error rule." The appellate court found that the plain error rule was not applicable and therefore the claim was not properly brought. **Williams**, 659 S.W. 2d at 312. Alternatively, the state court found that, even had the claim been properly preserved for review, the claim would have been denied on substantive grounds. When a state court makes a finding based on adequate and independent state grounds, any alternative holding does not subject the claim to federal review. **Harris v. Reed**, 489 U.S. 255, 258 (1989), **Shaddy v. Clarke**, 890 F.2d 1016, 1018 (8th Cir. 1989). Here, the state

- 5 -

court found that this claim was not properly brought before the court and the claim was therefore procedurally barred. The alternative holding does not invoke federal habeas review unless the petitioner can show **Sykes** cause and prejudice for failure to properly preserve the claim for state court review.

Petitioner's fourth and fifth points of error on direct review were raised as his tenth and nineteenth claims in his federal habeas petition. The state appellate court found that these points were conceded at oral argument on direct review. **Williams**, 659 S.W. 2d at 313. Petitioner has therefore waived review of these claims and, unless he can establish cause and prejudice for the waiver, this Court may not review these claims.

The remainder of petitioner's grounds for habeas corpus relief were raised in petitioner's Rule 27.26 motion in the state court and were summarily denied by the motion court. Respondent argued to the state appellate court that the summary denial was justified because the remaining claims were not properly brought in a Rule 27.26 motion. See Respondent's Brief on Appeal from Denial of Post-Conviction Relief, Respondent's Exhibit I at 13-16. The appellate court affirmed the denial of relief. **Williams**, 744 S.W. 2d at 817.

Petitioner has failed to show cause and prejudice for the default of his claims in state court. The Court fully agrees with the Magistrate Judge's determination in this regard and will not further address this issue. See Report and Recommendation, filed June 28, 1991, at 12-15.

In his report and recommendation, the Magistrate Judge found that petitioner's claims were barred because of procedural default in state court. The Magistrate Judge made this determination in light of a recent United States Supreme Court case, **Coleman v. Thompson**, ___ U.S. ___, 111 S. Ct. 2546 (1991). Petitioner objects to this finding on the ground that the state court did not make a clear and express statement that denial of relief was based on state procedural bar of petitioner's claims. **Harris**, 489 U.S. at 263. Petitioner further urges that, to the extent **Coleman** requires a different finding, **Coleman** sets forth a new rule that should not be applied to petitioner's claims. **Teague v. Lane**, 489 U.S. 288, ___, 109 S.Ct. 1060, 1074 (1989).

This Court is barred from reviewing a state court determination that is premised on adequate and independent state grounds. **Harris**, 489 U.S. at 258. The United States Supreme Court has decided that if the state is relying on adequate and independent state grounds, including state procedural grounds, to deny relief to a state prisoner, the state court must make a "plain statement" of the state grounds for its decision. **Id.** at 263-64. However, the **Harris** case differs from this case because in **Harris** the state court decision fairly appeared to primarily rest on federal law and the state court did not make a plain statement whether the its decision was based on federal or state law. **Harris**, 489 U.S. at 263. In the instant case, as in **Coleman**, the state summarily dismissed petitioner's claims

- 7 -

without discussion of whether the decision was based on state or federal grounds.

In **Coleman**, the Supreme Court reaffirmed the rule that federal courts on habeas review may address the merits of a petitioner's claims where the state court fails to make a plain statement that denial of relief rests on adequate and independent state grounds. **Coleman**, ___ U.S. at ___, 111 S.Ct. at 2556-57. The Supreme Court pointed out that "[a] predicate to the application of the **Harris** presumption is that the decision of the last state court to which petitioner presented his federal claims must fairly appear to rest primarily on federal law or to be interwoven with federal law." **Id.**, ___ U.S. at ___, 111 S.Ct. at 2557. In **Coleman**, the state's argument on appeal to the state supreme court was that the petitioner's claims were not properly brought and should be dismissed. The state supreme court dismissed the claims without discussing whether the dismissal was based on the merits of petitioner's claims or on procedural grounds. **Id.**, ___ U.S. at ___, 111 S.Ct. at 2552-53.

The petitioner then presented his claims in a petition for habeas corpus relief in the United States District Court for the Western District of Virginia. The district court concluded that petitioner had defaulted on all of his claims in state court. The district court was affirmed by the United States Court of Appeals for the Fourth Circuit. **Coleman v. Thompson**, 895 F.2d 139 (4th Cir. 1990). The United States Supreme Court affirmed, holding "[t]he [**Harris**] presumption at present applies

only when it fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law, that is, in those cases where a federal court has good reason to question whether there is an independent and adequate state ground for the decision." **Id.** ___ U.S. at ___, 111 S. Ct. at 2559. Because the state supreme court made no mention of federal law in its summary dismissal of petitioner's claims, the district court in **Coleman** was free to find that the claims were procedurally barred in state court and the state court decision thus rested on adequate and independent state grounds.

The facts in the instant case are similar to those in **Coleman**. On appeal of the denial of petitioner's Rule 27.26 motion, where petitioner raised the same grounds for relief as raised in this habeas action, the state did not argue the merits of petitioner's claims, but argued only that petitioner's claims were procedurally barred from review by the state court. As discussed above, the state appellate court made specific findings as to only four of petitioner's claims. The remainder were summarily denied by the motion court and affirmed on appeal. **Williams**, 744 S.W.2d at 817. Because the state court's decisions did not fairly appear to rest on federal grounds, under both **Harris** and **Coleman** this Court must review state law and the record in the case to determine whether adequate and independent state grounds exist for the state courts' decisions. **Coleman**, ___ U.S. at ___, 111 S.Ct. at 2559. For the reasons set forth above and for the reasons set forth in the Magistrate Judge's

- 9 -

report and recommendation filed June 28, 1991, the Court finds that petitioner's claims are barred from review because of procedural default in the state courts.

Petitioner also urges that **Coleman** should not apply because it announces a "new rule" that should not now be applied to petitioner's federal habeas corpus petition. **Teague**, 489 U.S. at ___, 109 S.Ct. at 1074. In **Teague**, the Supreme Court decided that "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." **Id.**, 489 U.S. at ___, 109 S.Ct. at 1070. Applying this standard, the rule announced in **Coleman** cannot be considered a "new rule." The holding in **Coleman** did not affect the rule in **Harris**. The Supreme Court clarified that **Harris** is to be read as a whole. That portion of **Harris** announcing that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar", **Harris**, 489 U.S. at 263 (citations omitted), applies to cases where the state court decision fairly appears to rest on federal grounds. **Coleman**, ___ U.S. at ___, 111 S.Ct. at 2557. It is clear that the Supreme Court is not departing either from the rule or reasoning as expressed in **Harris**, but in fact is upholding **Harris**. Therefore, petitioner's argument that **Coleman** announces a new rule is without merit.

Petitioner's motions for production of documents, for an evidentiary hearing, for appointment of counsel, and for appointment of an expert to analyze gunshot residue tests which were stayed by order of this Court on July 9, 1990, will be dismissed.

Accordingly, after careful consideration of this matter,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge is **SUSTAINED AND ADOPTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for habeas corpus relief is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that the stay of petitioner's motions for production of documents, for an evidentiary hearing, for appointment of counsel, and for appointment of an expert, entered July 9, 1990, is **LIFTED** and the motions are **DENIED** as moot.

An appropriate judgment will accompany this memorandum and order.

Dated this 16th day of March, 1992.

Edward L. Filippine
UNITED STATES DISTRICT JUDGE