# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ERNEST CORNELIUS WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | No. 4:90CV239 JAR |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Having reviewed the motion and the relevant case law, the Court has concluded that Petitioner is not entitled to relief.

## Background

On February 16, 1982, Petitioner was convicted of capital murder by a jury. He was sentenced to life imprisonment without eligibility for probation or parole for fifty years. He is currently incarcerated in Potosi Correctional Center.

Petitioner filed his first federal petition for writ of habeas corpus pursuant to § 2254 on February 9, 1990. Williams v. Delo, 4:90CV239 ELF (E.D. Mo.). The Court denied habeas relief with prejudice on March 16, 1992, and on March 4, 1993, the Eighth Circuit Court of Appeals denied Petitioner a certificate of probable cause. Id.

Petitioner filed the instant motion under Rule 60(b) on January 17, 2013. Petitioner alleged ineffective assistance of state postconviction relief counsel excused the procedural default of his federal habeas claim in light of Martinez v. Ryan, 132 S. Ct. 1309 (2012) (ineffective assistance in initial-review collateral proceeding on claim of ineffective assistance at

1

trial may provide cause for procedural default in federal habeas proceeding). This Court concluded that the motion should be treated as a successive habeas action, and the Court dismissed it. See Williams v. Delo, 4:13CV137 JAR (E.D. Mo.). The United States Court of Appeals for the Eighth Circuit reversed, finding that the motion was a "true Rule 60(b) motion" under Gonzalez v. Crosby, 545 U.S. 524, 532 & n.4 (2005) (Rule 60(b) motion should not be treated as successive habeas motion if it asserts previous ruling precluding a merits determination, such as denial for procedural default, was wrong). Williams v. Delo, No. 13-2058 (8th Cir. Sept. 23, 2013).

Accordingly, this Court ordered that the motion be filed in this action, and the Court ordered the state to respond to the motion. The state filed a Response (ECF No. 13) and the Petitioner filed a Reply (ECF No. 17). Based upon the briefing and case law, the Court finds that Petitioner is not entitled to relief as a matter of law.

**Discussion**

**A. Martinez was not an "exceptional" circumstance under Rule 60(b)**

"Rule 60(b) authorizes relief in only the most exceptional of cases." Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002). The question in this action is whether a subsequent change in law, such as Martinez, constitutes an "exceptional" circumstance warranting relief in this long-closed habeas action. It is not.

In Gonzalez, the Court explained that extraordinary circumstances for the purposes of Rule 60(b) "will rarely occur in the habeas context." 545 U.S. at 535. The Court held that a subsequent "change in the interpretation of the AEDPA statute of limitations" by the Court did not constitute an extraordinary circumstance warranting relief under Rule 60(b). Id. at 536 ("It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court

arrived at a different interpretation . . . not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final.").

In Adams v. Thaler, 679 F.3d 312 (5th Cir. 2012), the Fifth Circuit squarely addressed the issue of whether the Court's decision in Martinez constituted an exceptional circumstance warranting relief under Rule 60(b). The court examined its own precedent as well as the Gonzalez decision and found that it did not. Id. at 320 ("Because the Martinez decision is simply a change in decisional law and is 'not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6),' Adams's 60(b)(6) motion is without merit."). The Ninth Circuit came to the same conclusion in Lopez v. Ryan, 678 F.3d 1131 (9th Cir. 2012). 678 F.3d at 1135-37 (although Martinez constituted a "remarkable" development in the law, it was not so extraordinary as to warrant Rule 60 relief). The district courts that have examined this issue have also "concluded that Martinez fails to amount to 'extraordinary circumstances' warranting relief." West v. Carpenter, 2013 WL 5350627 (E.D. Tenn. 2013) (collecting cases).

This Court agrees with the Fifth and Ninth Circuits that the decision in Martinez did not constitute an extraordinary circumstance justifying relief under Rule 60(b), because subsequent changes in law are not extraordinary. As a result, the motion is without merit.

**B. Petitioner's Motion Fails Under Martinez**

Even if the Court were to consider Petitioner's Rule 60(b) motion, Martinez does not afford him relief. First, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318. Second, the petitioner must show whether there are "extraordinary circumstances" at work in the

present case, to justify the reopening of his final judgment denying habeas corpus relief. See Gonzalez, 545 U.S. at 529.

In his Motion, Petitioner alleges that he received ineffective assistance of post-conviction counsel in three places in his Petition. (ECF No. 7, ¶4 (citing ECF No. 1 at 4, 18, 36)).[1]

Page four of the original petition contained only the procedural history of the case and does not contain an independent claim for relief.

Page eighteen of the Petition concerns Ground 3, where Petitioner claims that he received ineffective assistance of his trial counsel. (ECF No. 1 at 12-20.) Petitioner raised this issue in his pro se 27.26 motion and it was considered. (ECF No. 3 at 9; PCR Motion at 8(c) and 9(c); October 2, 1986 Findings of Fact, Conclusions of Law and Order.) Petitioner's 27.26 appellate counsel, however, failed to appeal this issue. By failing to raise this in his points on appeal, although it was raised in his Rule 27.26 motion, Petitioner waived this issue. See Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988); Stokes v. Armontrout, 851 F.2d 1085, 1092 (8th Cir.1988) (Missouri petitioner's failure to raise claim on appeal from the denial of his state post-conviction motion erected a procedural bar to federal habeas review). Thus, Petitioner's claim in Ground 3, if any, is for ineffectiveness of post-conviction appellate counsel. Ineffective post-conviction appellate counsel, however, cannot overcome a default under Martinez. See Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012)("Martinez offers no support, however, for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause."). Therefore, Petitioner has no claim under Martinez for ineffectiveness of his post-conviction appellate counsel. The Court finds that there are no extraordinary circumstances relating to this ground.

---

[1] In his Reply, Petitioner refers to Ground 8, but that was not raised in his Rule 60(b)Motion and cannot be raised for the first time on appeal.

Next, in Ground 15 on page thirty-six of the Petition (ECF No. 1 at 36), Petitioner argues that the trial court erred by admitting into evidence a .38 caliber gun (Exhibit 42) that was not connected to the offense for which he was on trial and which was evidence of a separate crime. The Court previously held that Petitioner defaulted Ground 15 when he did not present it to the trial court and it was not properly preserved for review. (ECF No. 4 at 5.) As Petitioner notes, this issue was not raised on his direct appeal. (ECF No. 1 at 36.) Petitioner claims that he attempted to present this issue in his post-conviction relief motion under Rule 27.26 by requesting that his 27.26 counsel amend his pro se motion to include it therein, but his post-conviction counsel failed to present it and no amended 27.26 motion was filed, despite Petitioner's request. (Id.) Infective assistance of post-conviction trial counsel, however, was not the cause for this default. Rather, the default occurred long before the post-conviction trial court proceeding. See ECF No. 4 at 5-6 (noting that the state court found that this claim was not properly before the court and the claim was, therefore procedurally barred). Therefore, this claim does not fall within the rubric of Martinez. Petitioner is not entitled to extraordinary relief, and the Court dismisses this claim.

In addition, the Missouri Court of Appeals considered the substantive basis of Ground 15 on appeal. The Court of Appeals held that it was not error to present the gun during his trial, even if it was evidence of a separate crime, because it related to the crime in the instant case. "The general rule that evidence of a separate crime is not admissible has several well established exceptions, including 'multiple crimes so related to each other that proof of one tends to establish proof of the other.'" State v. Williams, 659 S.W.2d 309, 312 (Mo. Ct. App. 1983)(quoting State v. Frazier, 550 S.W.2d 590, 596 (Mo.App.1977)). The Court of Appeals held that the "defaced serial number on the gun was a material fact relevant to the identification of the murder weapon

as well as to other elements of the crime, such as preparation and consciousness of guilt." Williams, 659 S.W. 2d at 312. The Court agrees and holds that this was not an unreasonable application of clearly established law and Williams is not entitled to extraordinary relief.

Finally, the Court finds that Petitioner has failed to allege any prejudice due to these purported deficiencies. As previously stated, in order to state a Martinez claim, the claim must be substantial. Here, Petitioner provides no indication that the result of his trial would have been different had these errors not occurred. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)("This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."). For this additional reason, the Court denies Petitioner's 60(b) Motion.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for relief from judgment under Rule 60(b) [ECF No. 7] is **DENIED**.

Dated this 31st day of March, 2014.

*John A. Ross*

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE