UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ERNEST CORNELIUS WILLIAMS, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) |
| | ) No. 4:90CV239 JAR |
| | ) |
| TROY STEELE, | ) |
| | ) |
| | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion to Reconsider, or, In the Alternative, Notice of Appeal (ECF No. 19). Having reviewed the motion and the relevant case law, the Court denies Plaintiff's Motion.

In Petitioner's Motion to Reconsider, he asserts that the real question in this case was whether "PCR counsel was effective on the initial review of Petitioner's IAC-trial-attorney claims; whether the underlying claims are substantial, and, to accomplish justice is equitable relief under Martinez appropriate?" (ECF No. 19 at 2). Petitioner claims that the Court only considered "exceptional circumstances" and did not give adequate weight to other factors courts applying Rule 60(b) consider. (ECF No. 19 at 3-4). Petitioner also argues that the Court did not give his pleadings liberal construction as required under federal law. (ECF No. 19 at 4-5).

As previously noted by the Court, "Rule 60(b) authorizes relief in only the most exceptional of cases." Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002). In his Motion for Reconsideration, Plaintiff argues that he does not need to show exceptional circumstances, but that exceptional circumstances is only one factor for the Court to consider when determining whether to grant equitable relief under

1

Martinez. See ECF No. 19 at 2. Upon reconsideration, the Court disagrees with Petitioner's position and holds that "exceptional circumstances" must be shown and that Petitioner has not met that standard. See Gonzalez v. Crosby, 545 U.S. 524, 536 (2005) ("It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation . . . not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final."); DeJournett v. Luebbers, 4:01-CV-1341 CEJ, 2014 WL 81837, at *3 (E.D. Mo. Jan. 9, 2014)("The Supreme Court has held that a change in decisional law does not constitute extraordinary circumstances to warrant Rule 60(b) relief, and the same applies here.").[1]

Second, Petitioner claims that the Court did not construe his pleadings liberally when the Court determined that, even if the Court were to consider Petitioner's Rule 60(b) motion, Martinez does not afford him relief. (ECF No. 19 at 4, 6). The Court fully considered the three grounds outlined in Petitioner's habeas petition and found all of them to be meritless. (ECF No. 18 at 3-6). The Court construed and considered all of the claims presented by Petitioner in his habeas Petition. To the extent that Petitioner attempts to argue claims that were not included in the habeas Petition, the Motion for Reconsideration is not the proper vehicle for such an action.

Finally, Petitioner argued that the Court misconstrued the standard for Petitioner to demonstrate prejudice for his underlying ineffective assistance of counsel claims. (ECF No. 19

---

[1] The DeJournett court also distinguished the decision in Barnett v. Roper, 941 F. Supp. 2d 1090 (E.D. Mo. 2013), which was cited by Plaintiff in his Motion for Reconsideration. The DeJournett court noted that Barnett v. Roper was a capital case, which warranted a more equitable consideration. See also Barnett v. Roper, 941 F. Supp. 2d 1099, 1118 (E.D. Mo. 2013)("This Court finds the equitable consideration of factors to be appropriate in light of the capital nature of this case, and the competing interests of finality and justice."). The DeJournett court, however, stated that those circumstances were not present in a non-capital case and, therefore, exceptional circumstances must be present for habeas relief. DeJournett, 2014 WL 81837, at *3.

2

at 6). Petitioner claims that he only has to "meet the standard for a COA and no <u>Strickland</u> prejudice is necessary for review on the merits" of his ineffective assistance at trial claims. (<u>Id.</u>) The Court, however, held that that Petitioner did not show prejudice under <u>Martinez</u>. <u>See</u> ECF No. 18 at 6. In addition, the Court finds that the original Petition does not warrant the Court to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Reconsider, or, In the Alternative, Notice of Appeal [19] is **DENIED**. Petitioner is advised to file a separate notice of appeal if he wishes to preserve that right within the time limits outlined in Fed.R.App.P. 4.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Ruling on Petitioner's Motion for Reconsideration and/or Notice of Appeal [23] and the Motion to Rescind Order of 9-15-14, and, Enter a Ruling on Petitioner's Motion for Reconsideration, or, Notice of Appeal [24] are **DENIED** as moot.

Dated this 23rd day of October, 2014.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3